IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RAMIRO CALDERON,<br><br>      Plaintiff,<br><br>  vs.<br><br>CONAGRA BRANDS INC,<br><br>      Defendant. | 8:22CV231<br><br>ORDER REGARDING CORPORATE DISCLOSURE |

   It has come to the Court's attention that defendant Conagra Brands, Inc., has filed a Disclosure of Corporate Affiliations, Financial Interest, and Business Entity Citizenship (the Disclosure) that may appear to raise a potential judicial conflict of interest for the undersigned. Filing 14. For the reasons set forth below, the undersigned concludes there is no conflict of interest requiring the undersigned to recuse from this action.

   Conagra filed its Disclosure on November 11, 2022. In response to the requirement to "Check the applicable box or boxes, and fill in any required information," Conagra checked a box indicating "[t]his party is a publicly held corporation or other publicly held entity." Filing 14 at 1. Concerning whether "[t]en percent or more of the stock of a party is owned by a publicly held corporation or other publicly held entity," Conagra did not check the box. Filing 14 at 1. However, Conagra did add the following notation: "As of the last public filing of stock ownership prior to this filing, 10% or more of Conagra's stock is held by The Vanguard Group, Inc., a private company." Filing 14 at 1. In response to an email inquiry from a member of the undersigned's staff about whether Conagra should have checked the box before the pertinent statement, Conagra's counsel responded, "We did not check the box because The Vanguard Group is not publicly-held.  Nonetheless, we opted to make the disclosure for the sake of full transparency."

1

The disclosure of The Vanguard Group's 10% ownership of Conagra's stock was not required under the plain terms of the Disclosure or under the authority the Disclosure cites, Rule 7.1 of the Federal Rule of Civil Procedure and *GMAC Commercial Credit LLC v. Dillard Department Stores, Inc*., 357 F.3d 827, 828 (8th Cir. 2004). Furthermore, Conagra's counsel's response indicates that Conagra knew such a disclosure was not required under the plain terms of the Disclosure. In this instance, opting for "transparency" could potentially create an issue concerning a financial conflict of interest that is not there. This is because the undersigned has invested in some of The Vanguard Group's mutual funds and exchange traded funds (ETFs). It is clear, however, that there is no conflict requiring recusal under Canon 3C of the Code of Conduct for United States Judges or under the Committee on Codes of Conduct Advisory Opinion No. 106. Further, the undersigned's investment in The Vanguard Group's funds falls squarely within the "safe harbor" under Canon 3C(3)(c)(i).

As the Committee on Codes of Conduct explained,

> Consistent with the "safe harbor" concept, the Committee has advised that investment in a mutual fund does not convey an ownership interest in the companies whose stock the fund holds. We also have advised that a judge who invests in a mutual fund has no duty to affirmatively monitor the underlying investments of the fund for recusal purposes. For these reasons, it is important for a judge to determine whether a particular proposed investment is a "mutual or common investment fund" and, therefore, qualifies under the safe harbor provision of Canon 3C.

Committee on Codes of Conduct Advisory Opinion No. 106, Guide to Judiciary Policy, Vol. B, Ch. 2, at 201. The undersigned has made the required determination.

The undersigned notes that The Vanguard Group's funds are registered with the Securities and Exchange Commission (SEC). *See* Vanguard Group Inc, SEC CIK #0000102909 (available at https://sec.report/CIK/0000102909). Thus, they are "likely" to meet the criteria identified in Advisory Opinion No. 106. Guide to Judiciary Policy, Vol B, Ch. 2, at 201. The undersigned has also conducted the determination of whether The Vanguard Group's funds in which the

2

undersigned has invested qualify as "mutual or common investment funds" within the "safe harbor" based on the considerations stated in Advisory Opinion No. 106 and has determined that they do qualify. *Id.*

The undersigned then considered the "additional factor" set out in Advisory Opinion No. 106 for determining whether owning a particular mutual fund will effectively avoid recusal considerations related to that fund. *Id*. at 202. That "additional factor" is whether the judge has an "interest that could be affected substantially by the outcome of the proceeding" under Canon 3C(1)(c). *Id*. at 202. Using the guidance provided by Advisory Opinion No. 106, the undersigned concludes that The Vanguard Group's ownership of 10% of Conagra's stock among the funds' hugely diversified investments has no potential effect on the undersigned's financial interest in the mutual funds. *Id*. at 203. For the same reasons, the undersigned's investments in any of The Vanguard Group's ETFs have no potential effect on the undersigned's financial interests in those funds and do not require recusal. *Id.* ("We conclude that such [ETF] funds normally should be treated as mutual or common investment funds under the Code, and are subject to the same recusal analysis as other funds."). Finally, considering Canon 3C(1)'s direction to judges to disqualify if their impartiality might reasonably be questioned, *id*., the undersigned does not believe that his impartiality might reasonably be questioned in the present circumstances.

In short, the undersigned concludes that Conagra's disclosure of The Vanguard Group's ownership of 10% of its stock was gratuitous and does not require the undersigned's recusal.

In a time when the press frequently reports purported financial and other conflicts of interest of politicians, public officials, and most recently judges, careful adherence to the financial disclosure rules is important. Erroneous or gratuitous disclosures not called for by those rules, even in the name of "transparency," may generate misperceptions of the motivations of decisionmakers

and improperly erode confidence in our judicial and political institutions for spurious reasons. All parties would do well to complete required disclosures with the due care they invest in other aspects of litigation.

Dated this 18th day of November, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge